IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DWIGHT HOPSON, JR.                                                                           PLAINTIFF

v.                              Civil No. 4:20-cv-4010

MARONEY, Jailer Prescott Police Department;
TOMMY MILLER, Jailer Prescott Police
Department; and AMANDA DOUGAN, Jailer
Prescott Police Department                                                                   DEFENDANTS

# ORDER

Currently before the Court is Plaintiff Dwight Hopson, Jr.'s failure to keep the Court informed of his address. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on January 2, 2020, in the Eastern District of Arkansas. (ECF No. 2). On January 21, 2020, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). That same day, the Court entered an order directing Plaintiff to file an amended complaint and submit a completed *in forma pauperis* ("IFP") application by February 12, 2020. (ECF No. 6). On January 31, 2020, that order was returned as undeliverable. (ECF No. 7). No other address of record is available for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge